Filed 3/23/26  In re C.J. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.J. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E085906 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J295403-04) |
| v. | OPINION |
| D.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Affirmed.

Pamela Rae Tripp, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and Helena C. Rho, Deputy County Counsel for Plaintiff and Respondent.

1

Defendant and appellant D.P. (mother) contends that the juvenile court erred in denying her Welfare and Institutions Code section 388 petition without a hearing. We disagree and affirm.[1]

## I. BACKGROUND

Minors C.J. (born 2022) and S.J. (born 2020) were referred to plaintiff and respondent San Bernardino County Children and Family Services (department) after C.J. was seen at a hospital with injuries the doctor suspected were not accidental. C.J., then two months old, had a fractured femur and healing rib fractures, and the parents' responses about how the injuries occurred were inconsistent. The department filed section 300 petitions for both children, alleging, among other things, severe physical abuse to a child under five by a parent due to C.J.'s injuries. (See § 300, subd. (e).) In December 2022, the juvenile court detained the children and ordered predisposition services for both parents.

The contested jurisdictional and dispositional hearing took place over a year later, in March 2024. Meanwhile, mother—the only appellant—had completed her predisposition services, which included individual counseling, parenting classes, and anger management classes. At the hearing, the juvenile court found all the allegations in the petitions true, denied (or "bypassed") reunification services under section 361.5,

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

subdivisions (b)(5) and (b)(6), and set a section 366.26 permanency hearing.[2]  A July 2024 section 366.26 report recommended a permanent plan of adoption.

On October 14, 2024, the department filed a supplemental petition, alleging that one of the prospective adoptive parents, the children's paternal grandmother, failed to protect the children by taking them to their maternal great grandmother's home in violation of court orders and by failing to inform the department of her pending divorce. The juvenile court placed the children with the paternal step-grandfather, the other prospective adoptive parent (and the paternal grandmother's husband).

On October 15, 2024, mother filed the section 388 petition at issue in this appeal. She requested that the bypass orders be changed so that she could receive reunification services, that the disposition findings be set aside, and that the children be placed with the paternal grandmother and the maternal great grandmother.  She stated that she had completed predisposition services and described the circumstances leading to the paternal grandmother's divorce.  Her request that the disposition findings be set aside was based

---

[2]  Section 361.5, subdivision (b) provides that "[r]eunification services need not be provided to a parent . . . when the court finds, by clear and convincing evidence . . . :  [¶] . . . [¶]  (5) That the child was brought within the jurisdiction of the court under subdivision (e) of Section 300 because of the conduct of that parent or guardian.  [¶] (6)(A) That the child has been adjudicated a dependent pursuant to any subdivision of Section 300 as a result of . . . the infliction of severe physical harm to the child [or] a sibling . . . by a parent or guardian . . . and the court makes a factual finding that it would not benefit the child to pursue reunification services with the offending parent or guardian."

on a claim that she received ineffective assistance of counsel at the joint jurisdiction and disposition hearing.

In January 2025, the juvenile court dismissed the supplemental petition following a mediation session. A month later, in February 2025, the court ordered a permanent plan of placement in foster care. (See § 366.26, subd. (b)(7).) The eventual goal, the court stated, would be placement with a fit and willing relative. The juvenile court later denied mother's section 388 petition without a hearing.

## II. DISCUSSION

"A juvenile court order may be changed, modified or set aside under section 388 if the petitioner establishes by a preponderance of the evidence that (1) new evidence or changed circumstances exist and (2) the proposed change would promote the best interests of the child." (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.) The petitioner "need only make a prima facie showing of these elements to trigger the right to a hearing on a section 388 petition and the petition should be liberally construed in favor of granting a hearing to consider the [petitioner's] request." (*Ibid.*)

"However, if the liberally construed allegations of the petition do not make a prima facie showing of changed circumstances and that the proposed change would promote the best interests of the child, the court need not order a hearing on the petition." (*In re Zachary G.*, *supra*, 77 Cal.App.4th at p. 806; see also Cal. Rules of Court, rule 5.570(d)(1) [petition may be denied "ex parte" if the petition "fails to state a change of circumstance or new evidence that may require a change of order or termination of

4

jurisdiction or fails to show that the requested modification would promote the best interest of the child"].) "When determining whether the petition makes the necessary showing, 'the court may consider the entire factual and procedural history of the case.'" (*In re Samuel A.* (2020) 55 Cal.App.5th 1, 7.) "We review the summary denial of a section 388 petition for abuse of discretion." (*Ibid.*)

We find no abuse of discretion here. Mother's opening brief raises no argument relating to the claim in her section 388 petition that her counsel was ineffective or her request in that petition that the children be placed with the paternal grandmother and the maternal great grandmother, so we deem any such arguments forfeited. Mother cites her completion of parenting and anger management classes as new evidence, but as her section 388 petition acknowledged, these classes were part of the predisposition services the juvenile court ordered, services that the court already knew she had completed when it bypassed reunification services in the first place. Mother also argues that providing her with reunification services would be in the children's best interests because "the permanent placement of the children with a plan of adoption had fallen apart when the grandparents split up and filed for divorce," and the children would benefit from having "their mother engaged in family reunification services while the court waited for the grandparent's divorce to be processed." However, this is at bottom an argument that placement with a natural parent promotes the children's best interests, and "[t]he presumption favoring natural parents by itself does not satisfy the best interests prong of section 388." (*In re Justice P.* (2004) 123 Cal.App.4th 181, 192.) In sum, mother has

provided no persuasive reason why there should have been a hearing on the petition, even if liberally construed.

## III.  DISPOSITION

The February 7, 2025 order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

RAMIREZ _____
P. J.

FIELDS _____
J.